# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JASON WEBSTER**                                                                                                       **PLAINTIFF**

**V.**                             **CASE NO. 1:04CV372**

**WEBSTER SPRINGS, LTD.**                                                              **DEFENDANT**

## ORDER DENYING MOTION TO DISMISS

This cause comes before the Court on the plaintiff's motion to dismiss the defendant's counter-claim [6-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The defendant/counter-plaintiff is Webster Springs, Ltd., a Mississippi corporation ingaged in the business of bottling, selling and distributing spring water. The company is a family-owned business, with 51% of the stock owned by Paul Webster and the remaining 49% owned by his son, Jason Webster, the plaintiff/counter-defendant in this action. Paul serves as President of Webster Springs and Jason serves as Vice President, Secretary and Treasurer. Jason developed the designation "Silent Spirit" for use as the symbol and identifying insignia of the bottled water product distributed by the company. In his complaint, Jason avers that he developed the mark on his own and registered it for his own use. In its counter-complaint, Webster Springs claims that Jason was acting as an agent of the company when he developed and registered the mark and that the corporation expended funds in applying the mark to labels, brochures and even delivery trucks.

Jason now moves for dismissal of the corporation's counter-claim on the grounds that, as the person who registered the mark, only he has standing to claim that the mark has been infringed. When ruling on a 12(b)(6) motion to dismiss, the Court must liberally construe the complaint in the plaintiff's favor and accept as true all the facts pleaded within it. <u>Collins v. Morgan Stanley Dean</u>

Witter, 224 F.3d 496, 498 (5th Cir. 2000)("The district court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief"). Applying this standard to the case at bar, the Court agrees with Jason that registration of a mark is prima facie evidence under the Lanham Act of the registrant's ownership of that mark. 15 U.S.C. § 1115(a). That point is not dispositive, however, as the entire basis of the corporation's counter-claim is that Jason was acting solely as an agent of the company when he registered the mark and thus Webster Springs was the true registrant. Ultimately, disposition of this case turns on disputed issues of fact surrounding the question of how and why Jason registered the mark, as well as the nature of the alleged "verbal license" by which he supposedly allowed Webster Springs to use the mark for a considerable length of time.

In light of the foregoing analysis, the Court concludes that Jason has failed to show beyond doubt that the corporation can prove no set of facts in support of its counter-claim that would entitle it to relief. ACCORDINGLY, Jason's motion to dismiss must be DENIED.

This is the 7th day of June, 2005.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**